UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES CHAD HEATH,

                            **Petitioner,**

                **v.**                                      **9:09-CV-770**
                                                             **(FJS)**

**DALE ARTUS,**

                            **Respondent.**
_____

**APPEARANCES:**

**JAMES CHAD HEATH**
**03-B-2618**
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

       The Clerk of the Court has sent Petitioner James Chad Heath's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, his motion for leave to proceed *in forma pauperis*, his motion to appoint counsel, and his motion for enlargement of the page limit for a memorandum of law to the Court for its review. *See* Dkt. Nos. 1-4.[1]

---

[1] Petitioner is currently confined at the Clinton Correctional Facility and has not paid the required filing fee.

## II. DISCUSSION

A.   **Application to proceed *in forma pauperis***

Petitioner has submitted an *in forma pauperis* application to proceed without prepayment of the filing fee. *See* Dkt. No. 2. However, the appropriate prison official has neither certified nor signed the application with regard to the balance, and average balance, in any account in Petitioner's name at the facility. *See id.* at 2; *see also* Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (requiring petitioners who file *in forma pauperis* applications to include a "certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution"). Therefore, the Court **denies without prejudice** Petitioner's application to proceed *in forma pauperis*.

B.   **Motion for appointment of counsel**

Petitioner has moved for the appointment of counsel. *See* Dkt. No 3. There is no constitutional right to representation by counsel in habeas corpus proceedings. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987) (citation omitted)*; Green v. Abrams,* 984 F.2d 41, 47 (2d Cir. 1993) (quotation and other citation omitted); *Soto v. Walker*, No. 00-CV-0197, 2005 WL 2260340, *4 (N.D.N.Y. Sept. 15, 2005) (citations omitted). A court may, in its discretion, appoint counsel where "the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2)(B). In determining whether to appoint counsel, a habeas court should "consider the petitioner's likelihood of success on the merits of his petition, the complexity of legal issues raised by such application and the petitioner's ability to investigate and present his case to the federal habeas

court." *Soto*, 2005 WL 2260340, at *4 (citation omitted); *see Hodge v. Police Officers,* 802 F.2d 58, 60-61 (2d Cir. 1986). A court must appoint counsel when an evidentiary hearing is necessary in order to resolve the issues raised in a habeas petition. *See* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts; *Chandler v. Girdich*, No. 04-CV-432, 2007 WL 1101106, *1 (W.D.N.Y. Apr. 12, 2007). When an evidentiary hearing is not required, and the petitioner's claims may "fairly be heard on written submissions," a court should ordinarily deny a habeas petitioner's request for counsel. *Brito v. Burge,* No. 04 Civ. 1815, 2005 WL 1837954, *1 (S.D.N.Y. Aug. 3, 2005) (citing *Coita,* 1998 WL 187416, at *1).

Based upon its review of the petition, the Court finds that appointment of counsel on behalf of Petitioner is, at this time, unwarranted. Thus, the Court **denies** Petitioner's motion for the appointment of counsel **without prejudice** to renew in the event that this Court finds that an evidentiary hearing is necessary.


**C.    Motion seeking enlargement of the page limit for a memorandum of law**

Petitioner has filed a motion seeking enlargement of the page limit for his memorandum of law to eighty (80) pages. *See* Dkt. No. 4 at 2. The Court **denies** Petitioner's request. The Court advises Petitioner that any memorandum of law he files must not exceed twenty-five (25) pages in length. *See* Local Rule 7.1(a)(1); Rule 72.4 (a).


**D.    The petition**

Petitioner challenges an October 29, 2003 judgment of conviction entered in Tompkins County Supreme Court. *See* Dkt. No. 1 at ¶¶ 1-2. Petitioner states that a jury convicted him of

second degree murder, first degree manslaughter, attempted second degree kidnapping and attempted first degree robbery and that the trial court sentenced him to serve an aggregate term of twenty-five (25) years to life in prison. *See id.* at ¶¶ 3-6. Petitioner further states that the Appellate Division, Third Department, confirmed his conviction on March 13, 2008, and that the New York Court of Appeals denied him leave to appeal on July 21, 2008. *See id.* at ¶ 8. Finally, Petitioner asserts that he has "exhaust[ed] all of the claims in the State Courts." *See id.* at ¶ 8(j).

In his petition, Petitioner alleges the following grounds for relief: (1) he was not present for a material stage of the trial; (2) the trial court committed reversible error when it refused to permit him to present psychiatric evidence at trial; (3) the trial court improperly permitted a prosecution witness to testify as to the "ultimate issue" at trial; (4) the prosecutor knowingly introduced false testimony at trial; (5) the trial court erred when it declared a defense witness unavailable at trial and when it did not grant the defense a missing witness instruction; (6) the trial court erred when it assured Petitioner that all sidebar conferences would be transcribed if he waived his right to be present during them; (7) the trial court incorrectly instructed the jury; (8) Petitioner was convicted of duplicitous charges; (9) trial counsel was ineffective; and (10) the evidence was legally insufficient. *See* Dkt. No. 1 at 3-4.

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides that

>   (c) **Form.**  The petition must:
>
>   (1) specify all the grounds for relief available to the petitioner;
>   (2) state the facts supporting each ground;
>   (3) state the relief requested;
>   (4) be printed, typewritten, or legibly handwritten; and
>   (5) be signed under penalty of perjury by the petitioner or

>by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

The petition fails to satisfy Rule (2)(c)'s requirements because, although Petitioner lists ten separate grounds for habeas relief, he has not set forth any facts to support those grounds. *See* Dkt. No. 1 at 3-4. However, given Petitioner's *pro se* status, the Court will provide him with an opportunity to file an amended petition to correct this deficiency in his petition.

### III. CONCLUSION

After carefully reviewing Petitioner's submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Petitioner's application to proceed *in forma pauperis* is **DENIED WITHOUT PREJUDICE**. Petitioner must submit a new, complete *in forma pauperis* application that an appropriate prison official has certified and signed **within thirty (30) days** of the date of this Order. The Court directs the Clerk of the Court to provide Petitioner with a blank *in forma pauperis* application for that purpose. If Petitioner tenders the proper filing fee ($5.00) or submits a new, complete application to proceed *in forma pauperis*, the Court directs the Clerk of the Court to return the entire file to the Court for further review. The Court advises Petitioner that his failure either to pay the filing fee **or** to submit a complete *in forma pauperis* application may result in the dismissal of this action; and the Court further

**ORDERS** that Petitioners request for appointment of counsel is **DENIED WITHOUT PREJUDICE;** and the Court further

**ORDERS** that Petitioner's motion for enlargement of the page limit for a memorandum of law is **DENIED**. The Court instructs Petitioner that any memorandum of law that he files must not exceed twenty-five (25) pages in length; and the Court further

**ORDERS** that, if Petitioner wishes to proceed with this action, he must file an amended petition **within thirty (30) days** of the filing date of this Order. **The Court directs the Clerk of the Court to provide Petitioner with a blank § 2254 habeas petition for that purpose. Petitioner shall fully complete each and every part of the blank petition**, including those portions that require him to state the name and location of the court which entered the judgment of conviction, the **date** of the judgment of conviction, the offense(s) for which he was convicted, the length of the sentence he received, the date on which the court imposed the sentence, the grounds upon which he bases his petition, **and the facts supporting each ground**. Additionally, the amended petition must clearly list the **date(s)** on which Petitioner properly **filed** his application(s) for state post-conviction or other collateral review concerning the subject conviction, including any direct appeal, and all post-conviction motions to vacate his conviction or modify his sentence, the name and location of the court in which he **filed** each application and the date on which that court **denied** each application. The Court advises Petitioner that he shall not incorporate **any portion** of any prior petition into his amended petition by reference; Petitioner must include all relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Order; and the Court further

**ORDERS** that, if Petitioner fails to file his amended petition **within thirty (30) days** of the filing date of this Order, the Clerk of the Court shall enter judgment dismissing this action without further Order of this Court; and the Court further

**ORDERS** that, upon the filing of any amended petition, the Clerk of the Court shall forward the file in this matter to the Court for further review; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 7, 2009
      Syracuse, New York

                                        Frederick J. Scullin, Jr.
                                      Senior United States District Court Judge